IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEMAJ LEONARD FOSTER,

                    Plaintiff,

vs.                                    Case No. 16-3093-SAC

R. ANN HENDERSON and
RYAN W. WALKIEWICZ,

                    Defendants.

**O R D E R**

Plaintiff has filed a pro se complaint upon forms for an action pursuant to 42 U.S.C. § 1983.  Plaintiff asserts that his constitutional rights have been violated during the prosecution of state criminal charges in Johnson County District Court. Plaintiff claims that the state court acted without jurisdiction because of a failure to bring his case to trial within the 180-day time period set forth in K.S.A. 22-4303 for the disposition of detainers.  He also asserts a conflict of interest by defendant Walkiewicz.

The court has examined the docket of the Kansas Court of Appeals.  It appears that plaintiff was convicted and sentenced in Johnson County District Court, and that he has a pending appeal before the Kansas Court of Appeals.  Plaintiff seeks monetary damages for the days he has been incarcerated after the expiration of the alleged deadline for bringing the criminal

case to trial.  He also seeks to have the defendants, who are prosecuting attorneys, terminated from the state criminal case.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993).  A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state

2

a claim for relief that is plausible on its face.'" Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the
plaintiff's well-pled factual allegations as true and views them
in the light most favorable to the plaintiff.  United States v.
Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558
U.S. 1148 (2010).

III.  Younger abstention

    The court must abstain under the Younger abstention
doctrine under the following conditions:

    First, there must be ongoing state criminal,
    civil, or administrative proceedings.  Second, the
    state court must offer an adequate forum to hear the
    federal plaintiff's claims from the federal lawsuit.
    Third, the state proceeding must involve important
    state interests, matters which traditionally look to
    state law for their resolution or implicate separately
    articulated state policies.

Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997).  In
Goings v. Sumner County Dist. Attorney's Office, 571 Fed.Appx.
634, 638-39 (10th Cir. 2014), the Tenth Circuit made clear that
when these conditions are satisfied and no exceptional
circumstances are established to overcome the bar of Younger
abstention, abstention is mandatory, even when apparently
meritorious defenses of prosecutorial immunity and
nonamenability to suit are raised via a Rule 12(b)(6) motion.
The Tenth Circuit acted similarly in Chapman v. Barcus, 372

3

Fed.Appx. 899, 901-02 (10th Cir. 2010), where it raised <u>Younger</u> abstention <u>sua sponte</u> in spite of the evident lack of merit in the appellant's allegations.   On the face of the pleadings now before the court, it appears that the vital elements for <u>Younger</u> abstention may be present.

First, to the court's knowledge, there is an ongoing criminal proceeding.   Second, it appears that the state proceedings offer an adequate forum to hear plaintiff's claims for equitable relief.   Plaintiff contends that the Johnson County District Court prosecution should have been dismissed because it was not commenced according to the time limits of K.S.A. 22-4303.   Plaintiff also alleges a conflict of interest. These are claims which could be decided by the state court proceedings currently underway.   Finally, the state criminal proceeding obviously involves important state interests and matters traditionally resolved by recourse to state law and state policies.   See <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986)("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Although there may be cases where damages claims have been dismissed under <u>Younger</u> abstention, the Tenth Circuit has expressed a preference to stay damages claims pending the

outcome of the state court proceedings.  D.L. v. Unified School District No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004) cert. denied, 544 U.S. 1050 (2005); see also, Allen v. Bd. of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 404 (10th Cir. 1995)(expressing general preference for stay rather than dismissal).

IV. Conclusion

Under these circumstances, the court hereby directs plaintiff to show cause by December 15, 2017 why the court should not take the following actions:  abstain pursuant to the Younger doctrine; dismiss without prejudice plaintiff's claims for equitable relief; and stay plaintiff's claims for damages pending the resolution of the state court proceedings.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2017, at Topeka, Kansas.


s/SAM A. CROW
Sam A. Crow, U.S. District Senior Judge